IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOANNA ESQUIBEL, as parent,
legal guardian, and next friend of
CHRISTOPHER ESPINOZA, a minor
child,

       Plaintiff,

vs.                                        Civ. No. 01-1019 DJS/RLP

ESPANOLA PUBLIC SCHOOLS, KIRBY GOFORTH, and
MARY AGNES MARTINEZ, individually and in their
official capacities as employees of the Espanola
Public Schools,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Espanola Public Schools' (Schools) and Mary Agnes Martinez' (Martinez) Motion for Summary Judgment filed July 2, 2002. Defendants assert they are entitled to summary judgment on the grounds that there is no evidence that a custom, policy or practice of the Schools caused Plaintiff's alleged injury; there is no evidence that the Schools nor Martinez were deliberately indifferent to Plaintiff's constitutional rights; and Martinez, in her individual capacity is not liable because she did not have notice that such a violent attack on the Plaintiff, as alleged, might occur. Upon review of the pleadings, and being otherwise advised in the premises, the Court finds that Defendants' Motion is well taken and will be granted.

1

**Legal Standard**.

A motion for summary judgment shall be granted where all of the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entity of summary judgment. Id. If the moving party establishes the absence of the genuine issue of material fact, the burden shifts to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

**Facts**.

The following facts are undisputed. Plaintiff alleges a claim under 42 U.S.C. §1983. Plaintiff seeks damages for violation of Christopher Espinoza's (Espinoza) Fourteenth Amendment substantive due process right to be free from invasion of his personal security. The complaint alleges that sometime on or about December 1 through 17, 1999, Hernandez Elementary School teacher, defendant Kirby Goforth, approached Espinoza on the playgrounds, began to verbally discipline him and then physically picked him up by his neck so that his feet were off the ground and slammed his head against an exterior wall of the school building, then grabbed him by the waist and slammed his lower back against the exterior wall of the school. The complaint also alleges that Goforth held Espinoza by the collar of his jacket and shook him aggressively. A teacher, DeVanna Ortega, saw the

incident and reported it to Defendant Mary Agnes Martinez, who conducted an investigation of the incident. During the course of the investigation the Espinoza was interviewed as were Ms. Ortega and Goforth. Martinez also had the school nurse, Ms. Jill-Clapp, examine Espinoza. Ms. Martinez reported her investigatory findings to Assistant Superintendent Rudy Montoya. He advised her to conduct a further investigation. The subsequent investigation did not reveal evidence that would warrant disciplinary action against Goforth.

Prior to the alleged incident in this case, in October of 1999, Martinez had been advised that Goforth had grabbed a student, Patrick Duran, by the arm and shook him when he misbehaved. Martinez investigated this complaint and could not confirm that the incident, as alleged, had occurred. Patrick Duran, deposed in the instant case, denied that Goforth ever hurt him.

After the alleged incident underlying this lawsuit, on February 11, 2000, there was a report to Martinez that Goforth choked Kimberly Gurule/Kissinger. Kimberly Gurule/Kissinger testified in her deposition that Goforth put her hands on her neck but did to hurt her. On February 16, 2000, Lizette Maestas reported to Martinez that a teacher with brown hair and glasses grabbed her by the arm and made it red. In her deposition she testified that no teacher at Hernandez Elementary ever pushed or grabbed her and that Goforth never gave her any trouble.

Randi Wolfe, a student, testified that Goforth threw a pencil at her on a couple of occasions, grabbed her arm and grabbed her by the neck. One time, Randi Wolfe testified, the pencil stuck in her arm and it bled a little. Randi Wolfe also testified that she

3

saw Goforth grab another student, Antonio, by his neck and arm on two occasions. She testified that she complained to Martinez about these incidents on three occasions.[1] Tina Wolfe, mother of Randi Wolfe, also complained to Martinez about these incidents. After the Wolfe incidents, Goforth was placed on paid administrative leave pending the investigation. After it was completed, Goforth was reinstated as a teacher and transferred to another school in the district. During Goforth's nine years at Hernandez Elementary School, she received only positive evaluations.

Espanola Public Schools policy prohibits corporal punishment. At the orientation sessions conducted at the beginning of each school year teachers are advised of the prohibition against corporal punishment.

**Discussion.**

<u>Plaintiff's failure to comply with the local rules</u>.

Local Rule 56.1 requires a response brief to a motion for summary judgment to "contain a concise statement of the material facts as to which the party contends a genuine issue does exist." D.N.M.LR-Civ.56.1(b). Rule 56.1 also requires the court to deem admitted all material facts of the movant that are not specifically controverted. Though Plaintiff failed to follow Local Rule 56.1, she attempts in her brief to controvert some of Defendants' Statement of Material Facts. Despite Plaintiff's failure to comply with the rules

---

[1] There is a question of fact as to when the Wolfe incidents occurred. Plaintiff has presented evidence that Ms. Wolfe complained to Martinez prior to the alleged incident in the instant suit. Defendants have presented evidence that the incidents occurred after the alleged incident in the instant suit.

4

the Court will address the merits of Defendants' Motion.

Claims against Espanola Public Schools.

The Schools cannot be liable to the Plaintiff under 42 U.S.C. §1983 unless their policies, customs and practices were the moving force behind the violation that injured the Plaintiff. Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). Nor can liability under §1983 rest upon the doctrine of *respondeat superior*. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Instead the Plaintiff must establish a direct causal link between the practices of the governing body charged and the alleged constitutional deprivation. Id. In addition, liability under §1983 must be predicated upon a "deliberate" deprivation of constitutional rights by the defendant, and not on negligence. Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992) *cert denied*, 509 U.S. 923 (1993).

The Tenth Circuit specifically requires the Plaintiff to prove the following elements in a policy or custom case involving a school district:

> 1. The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by school district employees;
> 2. Deliberate indifference to or tacit approval of such misconduct by the school district's policymaking officials (board) after notice to the offices of that particular misconduct; and
> 3. That the plaintiff was injured by virtue of the unconstitutional acts pursuant to the board's customs and that the custom was the moving force behind the unconstitutional acts.
> Gates v. United School District No. 449, 996 F.2d 1035, 1041 (10th Cir. 1993).

Assuming Plaintiff can show notice of prior bad acts, Plaintiff cannot prevail because she has not demonstrated that the Schools had notice of any prior *constitutional violations*. The threshold for recovery on a constitutional tort for excessive corporal punishment is high. The legal standard for showing that corporal punishment is

5

unconstitutional is "whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhuman abuse of official power literally shocking to the conscience." Garcia by Garcia v. Miera, 817 F.2d 650, 655 (10th Cir. 1987) *cert. denied*, 485 U.S. 959 (1988). In Garcia, the student was held upside down by her ankles while a principal struck her with a wooden paddle. The student was beaten until she bled and received permanent scaring as a result. The Court reversed the granting of summary judgment on the ground that on such facts the jury might find a constitutional violation. Similarly, the Court in Metzger v. Osbeck, 841 F.2d 518, 519-20 (3rd. Cir. 1988) reversed a grant of summary judgment finding that a school official's act of restraining a student by choking which caused the student to lose consciousness and fall to a pool deck and which resulted in a broken nose and fractured teeth, might rise to a constitutional violation.

Assuming facts most favorable to the Plaintiff, the corporal punishment alleged does not rise to widespread practice of constitutional violations by school employees. The allegations of corporal punishment are the following:

1. Goforth threw a pencil at Randi Wolfe. As a result a piece of lead stuck in her arm, causing it to bleed.

2. Goforth grabbed Antonio, a student, by his neck and arm on two occasions.

3. Goforth grabbed Randi Wolfe's arm and left nail marks.

4. Goforth grabbed Patrick Duran by the arm.

These are not allegations of a "severe injury" nor are they allegations of conduct "brutal

and inhuman" or "shocking to the conscience." Wise v. Pea Ridge School Dist., 855 F.2d 560 (8th Cir. 1988)(Two "licks" for mischievous conduct did not violate substantive due process right.); Gottlieb v. Laurel Highlands Sch. Dist, 272 F.3d 168 (3rd Cir. 2001)(Conduct of placing hand on students' shoulders and moving her mere inches does not rise to a level of a constitutional violation).

Nor do the facts as alleged support a finding of "deliberate Indifference." "The deliberate indifference standard is a high one. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference..." Doe v. Dallas Independent School District, 153 F.3d 211, 219 (5th Cir. 1998) *cert. denied,* 531 U.S. 1073 (2001). Here it is undisputed that the Espanola Public Schools had a policy prohibiting corporal punishment. When Patrick Duran complained to Defendant Martinez that Goforth grabbed his arm, it is clear that Martinez investigated the allegation. The incident was not confirmed by the teachers or anyone else. Martinez spoke to Patrick's mother regarding the allegations. After the incident underlying this lawsuit, Martinez spoke with the Plaintiff and Goforth. She reported her findings to Assistant Superintendent Rudy Montoya. He advised her to conduct further investigation. Upon further investigation she determined that was no evidence to warrant disciplinary action against Goforth.

After Ms. Wolfe complained to Martinez about Goforth's treatment of her daughter, Martinez placed Goforth on administrative leave pending a investigation. After it was completed, Goforth was reinstated as a teacher and transferred to another school in the district. These actions refute any contention that the Defendants acted with "deliberate

indifference" to the rights of Plaintiff.

In addition, these incidents did not give notice of the alleged "unconstitutional misconduct" asserted by the Plaintiff. Prior knowledge required to establish liability must be comparable "in gravity" to the event sued upon. Gonzalez v. Ysleta Independent School District, 996 F.2d 745, 762 (5th Cir. 1993). Grabbing arms and throwing pencils are not comparable to slamming a child against a wall. Id. ("These allegations, while certainly a cause for concern, did not compare in gravity to...[latter] conduct, and thus provided no grounds for suspecting that he might be capable of such a vile act.")

Claims against Martinez.

Plaintiff has sued Martinez in both her official and individual capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690, n. 55. Thus, Plaintiff must prove the same elements against Martinez as she is required to do to succeed against the Schools. Plaintiff cannot prevail against Martinez in her official capacity for the reasons discussed above.

Plaintiff asserts that Martinez is personally liable for her improper supervision of Goforth. When a Plaintiff asserts that a custom or practice of an individual defendants resulted in violation of his constitutional rights, she must prove:

> 1. That the defendants received notice of a pattern of violations of students' constitutional rights;
> 2. That the defendant displayed deliberate indifference to or tacitly authorized the unconstitutional acts;
> 3. That the defendants failed to take proper remedial steps; and
> 4. The defendants failure to take proper remedial steps caused plaintiff's injury.

Gates, 996 F.2d at 1041.

8

As discussed above, Plaintiff cannot prove any these elements. Martinez had no notice of a pattern of violations of student's constitutional rights, since the he previous incidents do not rise to the level of a constitutional violation. The allegations of misconduct were not "shocking to the conscience." Further, as discussed above, Martinez' conduct was not deliberately indifferent to the allegations of unconstitutional conduct. She investigated every complaint brought to her attention. Moreover, Martinez took proper remedial steps. When she received Ms. Wolfe's letter and other complaints, the administration placed Goforth on administrative leave pending investigation by the superintendent's office. The undisputed facts simply do not support a claim against Martinez.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Espanola Public Schools and Mary Agnes Martinez' Motion for Summary Judgment is granted and all claims against Espanola Public Schools and Mary Agnes Martinez are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Affidavit of Tina Wolfe is denied as moot.

**FINALLY, IT IS ORDERED** that the parties are to submit a revised Pre-Trial Report within seven days.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**