IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOANNA ESQUIBEL, as parent,
legal guardian, and next friend of
Christopher Espinoza, a minor child,

        Plaintiff,

vs.                                        CIVIL NO. 01-1019 DJS/RLP

ESPANOLA PUBLIC SCHOOLS;
and KERBY GOFORTH and AGNES
MARTINEZ, individually, and in their
official capacities as employees of the
Espanola Public Schools,

        Defendants.

## PROPOSED FINDINGS OF FACT
## AND RECOMMENDATION THAT COURT APPROVE SETTLEMENT
## ON BEHALF OF A MINOR CHILD

THIS MATTER is before the Court on an application for approval of a settlement between Plaintiff, Joanna Esquibel ("Esquibel"), as parent, legal guardian, and next friend of her minor son Christopher Espinoza ("Christopher"), and Kerby Goforth ("Goforth"), the sole Defendant in the case. Other Defendants, including the Espanola Public Schools and Principal Mary Agnes Martinez, were summarily dismissed [Doc. 47].

    1. Esquibel brought a 42 U.S.C. § 1983 civil rights against Goforth, alleging that her son, Christopher, was physically and emotionally injured by the intentional act of Goforth. Goforth, on the other hand, strenuously denies the allegations and asserts that no act or omission on her part caused or contributed to the cause of any violation of the child's rights or injury claimed. Further, Goforth asserts that the child's claims and alleged injuries are not supported by fact.

2. Christopher allegedly suffered a neck and back sprain during an incident involving Goforth that occurred at the Hernandez Elementary School in December 1999.

3. As a result of the injuries allegedly suffered, Christopher was treated by a chiropractor, who gave a diagnosis of back and/or neck sprain.

4. Christopher's chiropractor reports that following the treatments afforded Christopher, the child reached maximum medical recovery and Christopher is no longer under his care.

5. Esquibel recognizes that should Christopher's condition worsen for any reason at some time in the future, neither she nor Christopher would be able to return to court to seek additional damages, or to bring any new action against the Defendants arising out of the same facts and circumstances. That is, Esquibel understands that the settlement in this case is "now and forever."

6. Chief Magistrate Judge William W. Deaton conducted a Fed. R. Civ. P. 16 settlement conference in this case. Esquibel was an active participant and, together with her attorneys, made proposals and considered Goforth's counter proposals. Ultimately, Esquibel agreed to the terms of settlement.

7. Goforth believes the settlement is fair and reasonable.

8. At the time she accepted the settlement, she was not under the influence of medication or chemical substances.

9. The total settlement in this case is for $8,000. Of that amount,$2,666.67 will be used to pay for Esquibel's attorneys' fees; $2,600.00 is for medical bills; and the balance of $2,733.33 represents the net settlement to be used for Christopher's behalf.

10. Esquibel's counsel and the Guardian Ad Litem have explained to Esquibel that the proceeds of the settlement are to be used solely for the benefit of Christopher in accordance with

Leyba v. Whitley, 118 N.M. 435, 882 P.2d 26 (Ct. App. 1994), *rev'd on other grounds*, 120 N.M. 768, 907 P.2d 172 (1995).

11. Esquibel intends to use the settlement proceeds for Christopher's educational needs.

12. Esquibel understood she had no obligation to settle the case and could elect to proceed to trial if she so chose. She advised that no one forced, coerced or pressured her to settle, and that the settlement was the product of her own free will. She understood that a trial might result in a greater award of damages, a lesser award or, perhaps, no award at all.

13. Esquibel received the advice and counsel of competent attorneys and was well satisfied with the legal services provided her and her son.

14. The Guardian Ad Litem, Kimball Udall, was appointed as an "arm of the Court" for purposes of reviewing the terms and conditions of settlement and reporting his recommendation to the Court. He has filed his report in accord with the Court's directive.

15. The Guardian Ad Litem, interviewed Esquibel as well as the minor child. The Guardian Ad Litem discussed with them the facts which gave rise to the action, the laws applicable to the facts, the merits of the action and the value of the case. He reviewed the pleadings as well as the medical records relevant to this action.

16. Based on the Guardian Ad Litem's independent evaluation, he determined that Esquibel understands the facts, law, merits, risks and value of this lawsuit, as well as the terms and conditions of the settlement. The Guardian Ad Litem reports that after considering the merits and potential value of the action, as well as considering the advantages offered by resolving and concluding the action by way of settlement as opposed to trial, it is in the best interests of the child that the Court approve the terms and provisions of the settlement.

17. The Guardian Ad Litem's fees will be paid for by Defendant and will not come out of the settlement.

18. The parties were advised of their right to file objections to the Court's proposed findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1), and all parties waived the right to object.

## Conclusions

After consideration of the evidence, the presentations of counsel, Esquibel's testimony, as well as the Guardian Ad Litem's recommendation, the Court concludes that it has jurisdiction over the parties and subject matter and that the settlement is in the best interests of the minor child.

## Recommendation

The undersigned Magistrate Judge recommends that the Court enter an order approving the parties' settlement without further hearing.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge